UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LKQ CORPORATION AFTERMARKET
AUTOMOBILE GRILLE TRADEMARK LITIGATION        MDL No. 2894


ORDER DENYING TRANSFER


**Before the Panel:** LKQ Corporation and Keystone Automotive Industries, Inc. (collectively, LKQ) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the Southern District of Georgia. This litigation consists of four actions—two civil forfeiture actions pending in the Southern District of Georgia, a declaratory judgment pending in the District of District of Columbia, and a declaratory judgment and antitrust action pending in the District of Delaware. LKQ alternatively suggests centralization in the Northern District of Illinois. FCA US LLC (Chrysler), the defendant in the Delaware action, supports centralization in the Southern District of Georgia. The United States, the plaintiff in the forfeiture actions and the defendant in the D.C. action, as well as the individual defendants in the D.C. action, oppose centralization. Alternatively, should we centralize this litigation, these parties support the Southern District of Georgia as the transferee forum.

On the basis of the papers filed and the hearing held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). LKQ has not met that burden here.

These actions arise from the seizure by United States Customs and Border Protection of aftermarket automobile grilles at various ports around the country. Beyond this, the actions are notably different. In the two forfeiture actions pending in the Southern District of Georgia, the government seeks forfeiture of certain of the grilles on the basis that they bear counterfeit marks, or marks that unlawfully copy or simulate registered trademarks of the original automobile manufacturers. In the Delaware action, LKQ, which imported the grilles, asserts claims for declaratory judgment, breach of contract, and antitrust violations against Chrysler based on its alleged instigation and direction of the government's purported misapplication of the Lanham Act and the Tariff Act of 1930 to seize the aftermarket grilles. Finally, in the D.C. action, LKQ challenges the actions of various federal agencies and officers with respect to the seizure of the aftermarket grilles. LKQ alleges that the government unreasonably and unlawfully delayed instituting civil forfeiture actions for the grilles, and that this delay constitutes a violation of LKQ's Fifth Amendment due process rights. While these actions will share some common factual questions, these issues are not sufficiently complex or numerous to warrant centralization, particularly given the small number of actions and involved parties.

-2-

To the extent these actions may involve duplicative discovery or motion practice, alternatives to centralization appear eminently feasible. One of the forfeiture actions now pending in the Southern District of Georgia was transferred *sua sponte* from the Central District of California under the first-to-file doctrine (after both LKQ and the United States indicated consent to venue in the Southern District of Georgia). At oral argument, counsel for Chrysler stated that it would agree to a Section 1404 transfer of the Delaware action to S.D. Georgia. And, in the D.C. action, the United States has moved to dismiss or, in the alternative, to transfer that action to the Southern District of Georgia. "[W]here a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization." *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). Such a reasonable prospect exists here.

Even if transfer is denied, this litigation involves only four actions pending in three districts. Informal cooperation among the relatively few involved attorneys and coordination among the involved courts therefore are practicable alternatives to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Lewis A. Kaplan     Ellen Segal Huvelle
R. David Proctor     Catherine D. Perry
Karen K. Caldwell     Nathaniel M. Gorton

IN RE: LKQ CORPORATION AFTERMARKET
AUTOMOBILE GRILLE TRADEMARK LITIGATION                MDL No. 2894

## SCHEDULE A

<u>District of Delaware</u>

LKQ CORPORATION, ET AL. v. FCA US LLC, C.A. No. 1:19−00054

<u>District of District of Columbia</u>

LKQ CORPORATION, ET AL. v. UNITED STATES OF AMERICA, ET AL.,
    C.A. No. 1:18−01562

<u>Southern District of Georgia</u>

UNITED STATES OF AMERICA v. 324 AUTOMOTIVE GRILLES,
    C.A. No. 4:18−00195
UNITED STATES OF AMERICA v. 25 AUTOMOTIVE GRILLES,
    C.A. No. 4:19−00096